UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN KITCHEN CABINET ALLIANCE,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant.* | Court No. 23-00140 |

## COMPLAINT

Pursuant to Rule 3(a) of the Rules of the United States Court of International Trade, the American Kitchen Cabinet Alliance (the "AKCA"), by and through its undersigned attorneys, hereby files the instant complaint and alleges as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. The AKCA brings this complaint to contest portions of the final administrative determination issued by the U.S. Customs and Border Protection ("CBP"), Office of Trade ("OT"), Office of Regulations and Rulings ("ORR") in the *de novo* administrative review, pursuant to 19 U.S.C. § 1517(f), of the initial determination of evasion made by the CBP OT Trade Remedy & Law Enforcement Directorate ("TRLED"), pursuant to 19 U.S.C. § 1517(c), in the Enforce and Protect Act ("EAPA") investigation into Scioto Valley Woodworking, Inc. d/b/a Valleywood Cabinetry ("Scioto"), EAPA Case Number 7705. The final determination by ORR pursuant to the *de novo* administrative review was issued on June 12, 2023. *See* Letter from Jacinto P. Juarez Jr., Supervisory Attorney-Advisor re: Enforce and Protect Act ("EAPA") Case Number 7705; *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (Apr. 21, 2020) and *Wooden*

*Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Apr. 21, 2020); Scioto Valley Woodworking, Inc. d/b/a Valleywood Cabinetry; 19 U.S.C. § 1517 (June 12, 2023) ("Administrative Review Determination").

## JURSIDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 517(g) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1517(g).

## STANDING

3. The AKCA is a coalition of domestic producers of wooden cabinets and vanities and components thereof ("WCV") and is, therefore, an interested party within the meaning of 19 U.S.C. § 1517(a)(6)(A)(iv) and was a participant in the underlying EAPA investigation and subsequent *de novo* administrative review. The AKCA filed the allegation of evasion that resulted in the initiation of the underlying investigation. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1517(g).

## TIMELINESS OF ACTION

4. Plaintiff is commencing this action by concurrently filing a Summons and Complaint on July 11, 2023, within 30 business days after the completion of the *de novo* administrative review of the initial determination of evasion on June 12, 2023. *See* Administrative Review Determination. The Summons and Complaint are, therefore, timely filed pursuant to 19 U.S.C. § 1517(g) and Rules 3(a)(3) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. On February 3, 2022, the AKCA filed an EAPA allegation against Scioto. The

AKCA alleged that Scioto entered WCV of Chinese origin into the United States by means of transshipment through Malaysia to evade the payment of antidumping and countervailing duties ("AD/CVD") on WCV from the People's Republic of China ("China"). The allegation included evidence showing that: (1) Scioto was importing WCV made in China without the payment of AD/CVD duties by claiming that the WCV is made in Malaysia by Alno Industry SDN BHD ("Alno"); (2) Qingdao Haiyan Group Co., LTD ("Haiyan") is a Chinese company which owns and operates Alno in Malaysia, Scioto in the United States, and Qingdao Drouot Woodworking Co., a cabinet production facility located in China; (3) Cabinets to Go ("CTG"), one of Alno's largest customers in the United States, had discovered that Scioto and Alno were involved in evasion activities through an inspector that it hired to monitor activities at Alno's manufacturing facilities in Malaysia; (4) when CTG asked Haiyan to certify that the products shipped from Malaysia were manufactured in Malaysia and not China, Haiyan admitted that the products were actually manufactured in China; and (5) after CTG filed a civil lawsuit against Scioto, Alno, and Haiyan, these companies conceded that evasion had taken place and provided information expressly indicating that WCV produced in China instead of Malaysia. AKCA EAPA Allegation (Feb. 3, 2022) at 8-9.

   6. On March 9, 2022, TRLED acknowledged receipt of the AKCA's allegation. *See* Notice of Initiation of Investigation and Interim Measures: EAPA Case 7705 (July 6, 2022). On April 16, 2022, as part of the EAPA investigation process, TRLED issued a CBP Form 28, Request for Information ("CF28") questionnaire to Scioto concerning certain entries of merchandise. *Id.* Scioto submitted its CF28 response on June 1, 2022. TRLED examined SKUs and product catalogs from Scioto's website as well as other record evidence, which led it to believe that Scioto's "claims that all its cabinets and vanities are made in Malaysia are

questionable and possibly fraudulent." *Id.* at 2.

7. On July 6, 2022, in accordance with 19 CFR § 165.24, CBP issued a Notice of Initiation to all parties to the investigation, stating that the investigation had begun on March 30, 2022, and notifying the parties of CBP's decision to take interim measures based upon reasonable suspicion that the importer, Scioto, entered covered merchandise into the customs territory of the United States through evasion. *Id.*

8. Between July 8, 2022 and October 5, 2022, TRLED issued two requests for information ("RFIs") to Scioto and three RFIs to Alno. The companies provided responses to these RFIs.

9. Between October 24, 2022 and October 27, 2022, TRLED visited Alno's facility in Malaysia to verify the information submitted by the parties to the investigation. *See* CBP On-Site Verification Report (Dec. 21, 2022). During the course of the verification, TRLED uncovered a wide array of discrepancies and reporting failures by Alno, including but not limited to: (1) discrepancies between the value of cabinets that Scioto claimed to have imported from Alno and the lesser value that Alno claimed to have exported to Scioto over the same time period; (2) Alno's failure to disclose the existence of a warehouse in Malaysia where Chinese WCV sold to the United States was being stored; (3) Alno's failure to explain the significance of certain lettering in the company's SKUs that was relevant to the country of origin; (4) Alno's failure to account for its lack of purchases of glass that was needed to make certain cabinet doors that were sold to the United States; and (5) numerous missing documents that related to the purchase of finished goods. *Id*. at 8-14. Based on these and other problems, TRLED determined that it was not able to verify the accuracy of certain information that was critical to determining whether Alno transshipped Chinese WCV to the United States. *Id*. at 15-17.

10.     On January 31, 2023, after the parties had filed written comments and rebuttal arguments, TRLED issued its final determination of evasion finding that "{s}ubstantial evidence demonstrates Scioto imported Chinese-origin cabinets and vanities that were transshipped to the United States with a claimed country of origin of Malaysia." *See* TRLED Notice of Determination as to Evasion (January 31, 2023) at 1. As part of its final determination, TRLED found that because Alno failed to cooperate during this investigation by providing accurate and verifiable responses to the RFIs issued by TRLED, it was appropriate to apply adverse inferences in reaching its final determination as to evasion. *Id.* at 11. TRLED stated it "was not able to verify or confirm whether all cabinets and vanities exported to Scioto were produced on site in Malaysia or imported from China due to the company's vague record keeping." *Id.* at 6. As an adverse inference, TRLED determined that "all cabinets and vanities exported to the United States to Scioto are from China." *Id.* at 11.

11.     Pursuant to 19 U.S.C. § 1517(f)(1) and 19 C.F.R. § 165.45, upon request for administrative review of an EAPA determination by TRLED, the statute provides that ORR will conduct a *de novo* review of TRLED's determination, based solely upon the facts and circumstances on the administrative record in the proceeding.

12.     On March 15, 2023, Scioto filed a timely request with ORR for an administrative review, and subsequently, on March 15, 2023, and March 17, 2023, Scioto filed revised requests for administrative review. On March 30, 2023, AKCA timely filed a response to Scioto's request for administrative review.

13.     On June 12, 2023, ORR issued its determination in the review of TRLED's affirmative determination of evasion, finding that "the record contains no evidence that WCV produced in China were transshipped through Malaysia and imported into the United States by

Scioto." *See* Administrative Review Determination at 10. Based on this finding, ORR concluded that "there is not substantial evidence in the record that covered merchandise was entered into the customs territory of the United States through evasion." *Id.*

14. In its Administrative Review Determination, ORR also concluded that TRLED's application of adverse inferences against Alno and Scioto was not supported by substantial evidence. *Id.* at 13. ORR stated that "while Alno and Scioto may not have acted perfectly in responding to information requests by CBP, in our view, when the record is examined as a whole, it supports a conclusion that they cooperated and complied with requests for information made by CBP such that application of a wholesale adverse inference to Scioto is not justified." *Id.* at 11.

15. Based on the findings and conclusions discussed above that were reached through its *de novo* review of the administrative record, ORR reversed TRLED's final affirmative determination of evasion. *Id.* at 24.

## CLAIMS AND BASES FOR RELIEF

### COUNT ONE

16. Plaintiff hereby incorporates by reference paragraphs 1 through 15 of this Complaint.

17. In its Administrative Review Determination, ORR reversed TRLED's initial affirmative determination of evasion based on its finding that there was "no evidence that WCV produced in China were transshipped through Malaysia and imported into the United States by Scioto." *See* Administrative Review Determination at 10.

18. TRLED's original determination was supported by substantial evidence. ORR's

reversal of the initial determination of evasion with respect to Scioto's entries of WCV based on the finding that there was "no evidence" of evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## COUNT TWO

19. Plaintiff hereby incorporates by reference paragraphs 1 through 18 of this Complaint.

20. In its Administrative Review Determination, ORR reversed TRLED's initial affirmative determination of evasion based on its finding that TRLED's application of adverse inferences against Alno and Scioto was not supported by substantial evidence. *Id.* at 13.

21. TRLED's original decision to apply adverse inferences based on Alno's failure to cooperate during verification was supported by substantial evidence. ORR's reversal of the initial determination of evasion despite Alno's conduct during verification was thus arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

22. Wherefore, the AKCA respectfully requests that this Court:

   a. Hold that CBP's final administrative determination in its *de novo* administrative review is arbitrary, capricious, an abuse of discretion, and is otherwise not in accordance with law;

   b. Remand this matter to CBP for disposition consistent with the Court's final opinion and order; and

   c. Provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

 /s/ Luke A. Meisner
Roger B. Schagrin
Luke A. Meisner

**SCHAGRIN ASSOCIATES**
900 7th Street, N.W.
Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to the American Kitchen Cabinet Alliance*

Dated: July 11, 2023